UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CANTRELL STOKES, Indvidually and on behalf of the minor child, C.J. | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | | |
| | * | JUDGE_____ |
| IBERIA PARISH SHERIFF'S OFFICE, through LOUIS M. ACKAL, SHERIFF OF IBERIA PARISH, DEPUTY ROCHON, DEPUTY HEBERT, DEPUTY BOYER, SERGEANT LEMAIRE, DEPUTY BELL, DEPUTY STOKES and XYZ INSURANCE COMPANY | * | MAGISTRATE_____ |

\*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

The Complaint of CANTRELL STOKES, a person of the full age of majority and a resident of the Parish of Lafayette, State of Louisiana, individually and on behalf of her minor child, C.J., through undersigned counsel, respectfully represents that:

1.

This action arises under the Constitution of the United States, particularly, the First, Eighth, and Fourteenth Amendments and under 42 U.S.C. 1983, all as will be more fully detailed below. The jurisdiction of the Court is based on 28 U.S.C. 1331 and/or 28 U.S.C. 1346, in that a federal question arises under the facts set forth herein.  The Court has further jurisdiction over any and all pendant state law claims, including state law negligence claims against the individual officer, pursuant to the Court's supplemental jurisdiction under 28 U.S.C. 1367.

2.

The defendants herein are:

   a.   IBERIA PARISH SHERIFF'S OFFICE, through its Sheriff, LOUIS M. ACKAL, upon information and belief is a political subdivision of the State of Louisiana,

        capable of suing and being sued, and at all relevant times the employer of the individual defendants herein.

b.    DEPUTY ROCHON (FIRST NAME UNKNOWN), upon information and belief a person of the full age of majority, and at all times relevant herein, an employee of the Iberia Parish Sheriff's Office;

c.    DEPUTY HEBERT (FIRST NAME UNKNOWN), upon information and belief a person of the full age of majority, and at all times relevant herein, an employee of the Iberia Parish Sheriff's Office;

d.    DEPUTY BOYER (FIRST NAME UNKNOWN), upon information and belief a person of the full age of majority, and at all times relevant herein, an employee of the Iberia Parish Sheriff's Office;

e.    SERGEANT LEMAIRE (FIRST NAME UNKNOWN), upon information and belief a person of the full age of majority, and at all times relevant herein, an employee of the Iberia Parish Sheriff's Office;

f.    DEPUTY BELL (FIRST NAME UNKNOWN), upon information and belief a person of the full age of majority, and at all times relevant herein, an employee of the Iberia Parish Sheriff's Office;

g.    DEPUTY STOKES (FIRST NAME UNKNOWN), upon information and belief a person of the full age of majority, and at all times relevant herein, an employee of the Iberia Parish Sheriff's Office;

h    XYZ Insurance Company, upon information and belief a domestic insurer or foreign insurer doing business in this State and, at all times pertinent hereto, the liability or other insurer for the defendants.

3.

On or about April 24, 2014, plaintiff and her minor child, C.J.., were lawfully in a vehicle located near 205 Hortense Street in New Iberia, Louisiana.

4.

Suddenly and without warning, the vehicle was approached by defendant employees of the defendant Sheriff's Office, and the plaintiff and her minor child was ordered to exit the vehicle

and lay on the ground. After doing so, the plaintiff and her minor child were handcuffed and searched by defendant officers.

5.

During the course of this unlawful and unreasonable detention and search, the plaintiff and her minor child's genitals and other body parts were touched, groped and/or otherwise inappropriately and illegally touched; plaintiff's head was slammed on the hood of the car; a rifle was pointed at the minor child's head; and/or the detention and search otherwise was illegal and unreasonable. The defendant officers, if not actually participating in this series of events, failed to intervene.

6.

As a result of the incident, plaintiff and the minor child have sustained physical and severe mental trauma including fear, humiliation, and anxiety, and other damages to be proven at the trial of this matter.

7.

Individually and on behalf of her minor child, plaintiff submits that there was never any reason to justify the detention and/or unlawful force and/or arrest that was used against them and the defendants acted out of malice and intentional indifference to the rights of petitioners considering under the circumstances presented herein.

8.

Furthermore, the actions of the defendants constitute negligence in the treatment of the plaintiff and her minor child including assault, battery, sexual battery, excessive force and/or unlawful arrest, and intentional infliction of emotional distress, among other acts of negligence,

and such action and/or inaction is therefore actionable for negligence under Louisiana law, specifically La. C.C. 2315, 2315.1 and 2315.2.

9.

At all relevant times, the defendant officers acted under color of state law. The defendant officers negligently and/or intentionally violated the health, welfare, and Constitutional and other legal rights of the plaintiff and her minor child in the following, non-exclusive regards:

(A) The defendants used unnecessary and excessive force and physical violence to detain and/or arrest the plaintiff and her minor child;

(B) The defendants falsely restrained, detained, and/or arrested the plaintiff and the minor child without any probable cause, warrant, or other statutory authority;

(C) The defendant wrongfully and unjustifiably injured the plaintiff and her minor child and traumatized them physically and mentally;

(D) The defendants unlawfully restrained the plaintiff and her minor child;

(E) The defendants failed to follow proper police procedures;

(F) Acting under color of state law in violating the plaintiff and her minor child's Constitutional rights: (i) First Amendment right of free speech; (ii) Fourth Amendment right to be free from unreasonable seizure; (iii) Eighth Amendment right to not suffer cruel and unusual punishment; and (iv) the right to liberty, due process of law, and equal protection and the privileges and immunities guaranteed by the Fourteenth Amendment of the United States Constitution, all in violation of 42 U.S.C. 1983.

(G) Causing injury and damages for which the defendants are liable under Louisiana negligence law, including violations of La. C.C. art. 2315 [delictual liability];

(H) Such other acts of negligence or intentional tort as may be discovered and proven at trial.

10.

Furthermore, plaintiff submits that the defendants had no reasonable basis to treat the plaintiff and her minor child as they did, and that the officers acted in bad faith while they

intentionally violated clearly established statutory or constitutional rights of which a reasonable person would have known, and therefore said officers are not entitled to qualified immunity for their actions.

11.

Furthermore, the failure of defendant officers who may have not actually physically touched the plaintiff and her minor child failed to intervene on behalf of plaintiff and her minor child to protect them from the actions precipitated by the aggressor officer(s) and their failure to attempt to render assistance to the plaintiff and her minor child or to stop the unreasonable, unnecessary, and unlawful use of force also constituted deliberate indifference to the plaintiff's and her minor child's constitutional rights and violated the plaintiff's and her minor child's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution.  In so acting, these officers intentionally violated clearly established statutory or constitutional rights of which a reasonable person would have known, and therefore these officers are not entitled to qualified immunity for their actions.

12.

At all relevant times, the defendant officers acted under color of state law and within the course and scope of their employment with the Iberia Parish Sheriff's Office, through its Sheriff, Louis M. Ackal, and said office and Sheriff are responsible under the theory of *respondeat superior*, for the actions and inactions of their employees acting in the course and scope of their employment with the Iberia Parish Sheriff's Office.

13.

The Iberia Parish Sheriff's Office and its Sheriff, Louis M. Ackal, are independently liable for negligently and/or intentionally violating the health, welfare, and Constitutional and other legal rights of plaintiff and her minor child in the following, non-exclusive regards:

- (A) Failing to conduct an adequate investigation into the facts and circumstances prior to detaining and/or arresting the plaintiff and her minor child;

- (B) Failing to have in place an adequate program of training and screening to prevent such an incident which was foreseeable or should have been foreseen, failing to properly screen or hire the defendant officers, for failing to properly train or reprimand the defendant officers, for failing to adequately supervise the defendant officers, for failing to enact or enforce a policy which would have reasonably prevented the incidents complained of herein, for failing to enact or enforce proper police procedures, for negligently retaining an officer or officers known to possess violent propensities, and for such other actions or inactions as may be discovered and proven at trial; and,

- (C) Such other acts of negligence or intentional tort as may be discovered and proven at trial.

14.

As a result of the acts and omissions of the defendants, the plaintiff and her minor child, appearing herein through her mother, have been injured, and the defendants are liable jointly and *in solido*, for the following:

- a. Past, present, and future physical pain and suffering;

- b. Mental and emotional pain and suffering;

- c. Permanent injury;

- d. Damage to reputation, humiliation, and fright;

- e. Past and future medical specials;

- f. Past, present and future lost wages;

- g. For compensatory damages pursuant to 42 U.S.C. §1983 and for attorney fees pursuant to 42 U.S.C. §1988;

    h.       For compensatory damages under pendant state law;

    i.       Upon information, because the defendant officer(s) acted maliciously, willfully, and wantonly, and with callous disregard for the Constitutional rights of the minor child, for punitive damages; and,

    j.       For such other injuries and damages as may be discovered and proven at trial.

15.

Upon information and belief, at all times pertinent, the defendant, XYZ Insurance Company had issued, and in full force and effect, a policy of insurance insuring the defendants for all acts complained of and for all damages owed to the plaintiff and her minor child.  Said insurer is made party defendant herein pursuant to the Louisiana Direct Action Statute, LSA-R.S. 22:1269, et seq., and is solidarily bound with its insured for any judgment rendered against its insured in this matter.

**WHEREFORE**, CANTRELL STOKES, individually and on behalf of her minor child, C.J., prays that this Complaint be deemed good and sufficient and, after due proceedings had, there be Judgment rendered herein in her favor and against defendants, *jointly, severally, and in solido*, in an amount deemed reasonable by the trier of fact, for compensatory and punitive damages, plus interest, court costs, and attorney's fees and any and all other damages, legal and equitable, reasonable in the premises.

                              Respectfully submitted,

                              SCHEUERMANN AND JONES, LLC
                              Attorneys for Plaintiff
                              701 Poydras Street, Suite 4100
                              New Orleans, Louisiana 70139
                              Phone:  (504) 525-4361
                              Facsimile:  (504) 525-4380

                              By:  /s/ David C. Whitmore
                                  Lawrence Blake Jones (7495)
                                  David C. Whitmore  (17864)