UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CANTRELL STOKES, Indvidually and on behalf of the minor child, C.J. | CIVIL ACTION NO. 6:15-132 |
| | MAGISTRATE JUDGE WHITEHURST |
| VERSUS | |
| | BY CONSENT OF THE PARTIES |
| IBERIA PARISH SHERIFF'S OFFICE, ET AL | |

## RULE 26(f) REPORT

**Trial Date:**             June 28, 2016 at 9:30 a.m.

**Pretrial Conference Date:**   May 31, 2016 at 11:00 a.m.

**Type of Trial:**           This case is set for a bench trial.

Estimated length of trial is 2 court days.

**1.   Participants:**

The following counsel participated in the Rule 26(f) conference:

David C. Whitmore, Attorney for Plaintiff;

Fred Schroeder, Attorney for the Defendants

**2.   Affirmation Regarding Initial Disclosures:**

The parties affirm that they have complied with the initial disclosure requirements of FED. R. CIV. P. 26(a)(1) by the deadline contained in the Scheduling Order.

1

3.  **Jurisdictional Basis:**

This Honorable Court has jurisdiction herein pursuant to 28 U.S.C. § 1331, federal question jurisdiction. This is an action for damages pursuant to 42 U.S.C. § 1983, et seq. with pendant claims under Louisiana law.

4.  **Brief Description of Claims:**

The plaintiff has against the action for damages pursuant to 42 U.S.C. § 1983, et seq. with pendant claims under Louisiana law. On or about April 24, 2014, plaintiff and her minor child, C.J.., were lawfully in a vehicle located near 205 Hortense Street in New Iberia, Louisiana. Suddenly and without warning, the vehicle was approached by defendant employees of the defendant Sheriff's Office, and the plaintiff and her minor child was ordered to exit the vehicle and lay on the ground. After doing so, the plaintiff and her minor child were handcuffed and searched by defendant officers. During the course of this unlawful and unreasonable detention and search, the plaintiff and her minor child's genitals and other body parts were touched, groped and/or otherwise inappropriately and illegally touched; plaintiff's head was slammed on the hood of the car; a rifle was pointed at the minor child's head; and/or the detention and search otherwise was illegal and unreasonable. The defendant officers, if not actually participating in this series of events, failed to intervene. As a result of the incident, plaintiff and the minor child have sustained physical and severe mental trauma including fear, humiliation, and anxiety, and other damages to be proven at the trial of this matter.

5.  **Brief Statement of Responses:**

Defendants contend that on April 24, 2014, they received a call regarding a residential burglary at 106 Park Street at approximately 3:00 a.m. A vehicle in which plaintiff were occupying was observed leaving the area. The vehicle was stopped in order to determine whether the occupants were involved in the previous complaint of a burglary.

Defendants deny that the traffic stop was illegal and also deny that any unnecessary force was used during the alleged incident. Defendants further contend that their actions at all material times hereto were reasonable and necessary under the circumstances.

6.  **Anticipated Amendments to Pleadings and Motions:**

The plaintiff does not anticipate any amendments to the pleadings nor filing any motions as of the present time.

7.  **Anticipated Expert Witnesses:**

    a.  **By the plaintiff:**

The identities of anticipated expert witnesses are unknown at present.

    b.  **By the defendant:**

Defendants do not anticipate retaining any experts in this matter, but reserve the right to do so in the event that plaintiff does in fact retain experts.

8.  **Discovery Plan:**

The parties do not anticipate that a more specific Scheduling Order is required at this time, and agree to adopt the Court's discovery plan as set forth in the Scheduling Order.

9. **Stipulations:**

None at the present time.

10. **Major Issues of Fact and Law in Dispute:**

1. Whether the defendants had just cause to stop the vehicle in which plaintiffs were occupying on the date in question.

2. Whether the vehicle in question met the description of the vehicle that was allegedly involved in an earlier burglary.

3. Whether defendants used excessive force during the alleged incident.

4. Whether defendants' actions were reasonable and necessary under the circumstances.

5. Whether the defendants falsely restrained, detained, and/or arrested the plaintiff and the minor child without any probable cause, warrant, or other statutory authority.

6. Whether the defendants wrongfully and unjustifiably injured the plaintiff and her minor child and traumatized them physically and mentally.

7. Whether the defendants unlawfully restrained the plaintiff and her minor child.

8. Whether the defendants failed to follow proper police procedures.

9. Whether the defendants, acting under color of state law, violated the plaintiff and her minor child's Constitutional rights: (i) First Amendment right of free speech; (ii) Fourth Amendment right to be free from unreasonable seizure; (iii) Eighth Amendment right to not suffer cruel and unusual punishment; and (iv) the right to liberty, due process of law, and equal protection and the privileges and immunities guaranteed by

the Fourteenth Amendment of the United States Constitution, all in violation of 42 U.S.C. 1983.

10. Whether the defendants caused injury and damages for which the defendants are liable under Louisiana negligence law, including violations of La. C.C. art. 2315 [delictual liability].

11. Whether the plaintiff and her minor child are entitled to damages, and the amount thereof.

**11.** **Related Case Information:**

There are no related cases.

**12.** **Surveillance Evidence:**

Counsel wish to opt in to the former procedure.

**13.** **Alternative Dispute Resolution (ADR):**

Counsel affirm that prior to the Rule 26(f) conference counsel obtained their clients' desires at to ADR and that at the Rule 26(f) conference counsel discussed in good faith the feasibility of using ADR. At the present time, the parties may utilize private mediation after the close of discovery.

**14.** **Consent Trials:**

The parties have previously filed Form AO 85, Consent to Proceed Before a Magistrate Judge.

**15.** **Track Assignment:**

This case is assigned to the general civil track.

**16. Electronic Courtroom:**

The parties do not anticipate that this will be a document-intensive trial. However, the parties confirm that they will present their evidence in accordance with the Court's rules should it be deemed necessary.

**17. Electronically Generated Exhibits or Aids:**

The parties do not presently anticipate using electronically-generated exhibits or demonstrative aids at trial.

**18. Phase II Discovery:**

The parties do not need Phase II discovery.

**19. Handicap Provisions:**

The parties do not anticipate the need for any handicap accommodations for any party, witness, or trial participant.

**14. Certification:**

**BY MY SIGNATURE I HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.**

RESPECTFULLY SUBMITTED:

Date:   1/18/16             /s David C. Whitmore
                            LAWRENCE BLAKE JONES  (7495)
                            DAVID C. WHITMORE  (17864)
                            SCHEUERMANN & JONES
                            701 Poydras Street, Suite 4100
                            New Orleans, Louisiana  70139
                            Telephone:  (504) 525-4361
                            Facsimile:  (504) 525-4380
                            Attorneys for Plaintiff

Date:    1/18/16                                      s/ Fred Schroeder
                                                                            Fred Schroeder (LSBN 11828)
                                                                            Usry, Weeks & Matthews
                                                                            1615 Poydras Street, Suite 1250
                                                                            New Orleans, Louisiana 70112
                                                                            (504) 592-4600 / Fax (504) 592-4641
                                                                            Attorney for Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that on the 5th day of November, 2015, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record that have elected e-notification by operation of the court's electronic filing system. I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

                                                                                   s/ David C. Whitmore